UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TONI WATSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:04CV783 RWS |
| TIMOTHY HAGERTY, et. al., | ) ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

This matter is before me on Defendant St. Louis County's (the "County") motion to dismiss Counts VII and VIII of the First Amended Complaint under Fed. R. Civ. P. 12 (b)(6) [#34]. For the reasons stated below, the motion will be granted in part and denied in part.

This is a civil rights action under 42 U.S.C. § 1983. On May 25, 2005, Watson filed an amended complaint that added the County as a party in Counts VII and VIII. In Count VII, Watson alleges that:

> The County and by delegation of the County, the Board and the Chief of Police are vested with the authority and have the duty to screen, train, supervise, discipline and otherwise control the officers of the St. Louis County Police Department. The County, acting through the Board and Chief of Police, has failed in that duty by failing to act in the face of transgressions of which the County knew or should have known. In that respect, the County is and has been deliberately indifferent to the rights of people whom officers of the St. Louis Police Department encounter.
>
> As a direct and proximate result of the policies, customs, practices and usages of St. Louis County as afore described, Plaintiff suffered damages as afore described.

Count VIII alleges that the County is liable under the rule of *respondeat superior*. Watson acknowledges that the current state of the law is that § 1983 does not recognize *respondeat superior* liability, but she claims there she has a good faith argument for a change in

existing law. In support of her argument, she cites to various dissenting opinions by Justice Breyer.

The County argues that Count VII should be dismissed for failing to meet the pleading requirements of Fed. R. Civ. P. 8(a) and that Count VIII should be dismissed because there is no *respondeat superior* liability under § 1983.

Fed. R. Civ. P. 8(a) states:

A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

A motion to dismiss for failure to comply with Rule 8(a) should be granted "only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief . . . [because c]ivil rights pleadings should be construed liberally." Frey v. City of Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995) (internal citations and quotations omitted).

I do not find that this is the type of unusual case that should be dismissed for failure to plead as required by Rule 8. A municipality can be liable under § 1983 for deliberate indifference to the constitutional deprivations of its inhabitants. E.g., City of Canton v. Harris, 489 U.S. 378, 385 (1989). Count VII gives the County fair notice of the claims against it. As a result, I will deny the County's request to dismiss Count VII of the Amended Complaint.

However, it is well settled law that "*respondeat superior* or vicarious liability will not attach under § 1983." Id. As a result, I will grant the County's request to dismiss Count VIII of

the Amended Complaint.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant St. Louis County's (the "County") motion to dismiss Counts VII and VIII of the Amended Complaint under Fed. R. Civ. P. 12 (b)(6) [#34] is **GRANTED** in part and **DENIED** in part. Count VIII of the First Amended Complaint shall be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

Dated this 8th Day of July, 2005.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE